### JOHN FAHEY ET AL. *v.* THE STATE.

SELLING LIQUOR TO MINOR. *Guilt of any person interested. Sections* 1112 *and* 1115, *Code* 1880.

    He who sells vinous or spirituous liquor to a minor incurs the penalty imposed by § 1115 of the Code of 1880; and any person interested in the liquor thus unlawfully sold is subject to the penalty prescribed in § 1112 of the code for "any person who may own or have any interest in any vinous or spirituous liquor sold contrary to this act," which act embraces the sections referred to.

APPEAL from the Circuit Court of Pike County.

HON. J. B. CHRISMAN, Judge.

John Fahey and John McNamee were jointly indicted for selling vinous and spirituous liquor to William Lenoir, a minor. The evidence at the trial showed that Fahey was the licensed owner of a saloon, and McNamee, his clerk, when the latter in his capacity of clerk in such saloon sold a drink of whisky to the minor, Lenoir.

The first instruction given for the State was in these words: "The court instructs the jury that it is immaterial whether the liquor was sold by John Fahey or John McNamee, without Fahey's knowledge or assent; *provided,* said Fahey had an interest in the liquor sold, he is guilty along with McNamee, whether he assented to or knew of the sale or not."

The defendants were found guilty by the jury and each sentenced by the court to pay a fine of one hundred dollars. Thereupon they appealed to this court.

*S. E. Packwood,* for the appellants.

Section 1112 of the Code of 1880 makes a party owning or " interested in " liquors responsible for their illegal sale for the special violations of law mentioned in *said section,* the offense under consideration not being one of them. This section does not, we think, refer to selling vinous and spirituous liquors to a minor, for the reason that this offense is not mentioned in said section and the penalty is different from that mentioned in § 1115 for selling vinous and spirituous liquors to a minor. We think it will not be seriously contended before this court that the principle of ownership of liquors as set forth in this section will make the defendant, John Fahey, guilty under an indictment under § 1115.

*Calhoon & Green,* on the same side.

The conviction of these defendants, appellants, cannot stand on this record against either of them.

*Code,* § 1112, provides a penalty of not less than twenty-five dollars and not more than five hundred dollars, or imprisonment of not less than one week nor more than three months, or both.

The penalty of § 1115 is not less than one hundred dollars nor more than one thousand dollars.

*John Fahey* was not convictable under § 1115, because his *clerk,* and not he, made the sale.

Under § 1112 McNamee could not be convicted because it is not charged in the indictment that *he* had any license.

It is plainly manifest that this is a *joint indictment,* and that it was drawn under § 1112, and it follows that both, or certainly one or the other, must be discharged. We say *both,* as it is a joint charge.

*T. S. Ford,* Attorney General, for the State.

It is submitted that there is no error in this record.

For the appellant, Fahey, it is asserted that " § 1112 of the Code of 1880 makes a party owning or interested in liquors responsible for their illegal sale for the special violations of law

mentioned in *said section,* and that the section does not refer to selling vinous or spirituous liquor to a minor."

The answer to this proposition is to quote the language of § 1112 referred to: "Or if any person shall directly or by any evasion or subterfuge violate any provision of this *act,* then the person so offending (and also any person who may own or have any interest in any vinous or spirituous liquor sold contrary to this *act*) shall be liable to indictment, and, on conviction, shall be fined not less than twenty-five dollars nor more than five hundred dollars."

The position of counsel seems to be that the legislature, in using the word "act" in this connection, meant "section."

It is submitted that the legislature used precisely the word that expressed its meaning and intent, and that the context and the history of this particular provision shows that the legislature intended to subject to punishment for a violation of any of the provisions of the "act in relation to the sale of vinous and spirituous liquors," not only the clerk who for a small stipend sold the liquors, but the employer who pocketed the gains of the illegal traffic.

CAMPBELL, C. J., delivered the opinion of the court.

Section 1112 of the code subjects to its penalty the violator of any provision of the act of which it is a part, "and also any person who may own or have any interest in any vinous or spirituous liquor sold contrary to this act," and § 1115 prescribes a penalty for selling to a minor. He who sells vinous or spirituous liquor to a minor incurs the penalty of § 1115, while § 1112 prescribes the penalty for the owner or person interested in the liquor thus unlawfully sold. Section 1112 makes the owner or person having any interest in any liquor sold contrary to any provision of the act of which it is a part liable to the penalty it affixes.

*Affirmed.*