## WILLIAM FULLWOOD *v.* THE STATE.

1. ELECTIONS. *Not affected by mere irregularities.*

    Mere irregularities of election officers, not affecting the right of the voter nor the purity of the election, and not in reference to matters made mandatory by law, do not invalidate the election. *Pradat v. Ramsey*, 47 Miss. 29, cited.

2. LOCAL OPTION ELECTION. *Returns by majority of commissioners.*

    Certification of the returns of a local option election by a majority of the commissioners is sufficient.

3. CRIMINAL LAW. *Intoxicating liquors. Sale of. Agent of owner.*

    Where intoxicating liquors are sold at a bar on a boat by one apparently in charge of the bar as clerk or agent, in the absence of evidence to the contrary, the sale is to be taken as having been made by the owner of the bar.

FROM the circuit court of Yazoo county.

HON. J. B. CHRISMAN, Judge.

Appellant, Fullwood, owned and ran the bar on the steamer Katie Robins, which navigated the Yazoo river, and was indicted for selling liquor in Yazoo county in violation of the local option law, which had been put into operation by an election held in that county. One Wade, as a witness for the state, but whose name was not on the indictment, testified that he bought a drink of whisky at the bar of said boat while at a landing in said county. Fullwood did not sell it, and was not present. The name of the person who sold the liquor was not shown; but it was sold by a person in charge as bar-tender, and it was shown that Fullwood had bar-tenders on this and other boats running on said river. When arrested on this charge he stated that he did not know that his bar-tenders had been selling liquor in Yazoo county, but that if they had he would stand by them and was responsible for it. The precise date of the sale was not shown. Defendant offered no evidence to explain or contradict this testimony on behalf of the state.

The state also introduced the order of the board of supervisors directing the local option election and appointing three commis-

sioners to hold it, in pursuance of the statute. The certificate and affidavit accompanying the returns of said election were made by only two of the commissioners, the record being silent as to the other commissioner after the appointment. Defendant objected to the introduction of this record in evidence.

At the instance of the state, the court gave the following instruction :—

" If the jury believe from the evidence, beyond all reasonable doubt, that William Fullwood, at any time between the 22d day of August, 1886, and the finding of this indictment, was the owner of the bar where liquor was sold on the Katie Robins, and that during the time of his ownership Mr. Wade purchased whisky from the bar of the steamer, then William Fullwood is guilty as charged, and the jury will so find."

Defendant was convicted, and was sentenced to pay a fine of $50 and to be imprisoned sixty days. After motion for a new trial overruled, he prosecuted this appeal.

*R. Bowman* and *D. R. Barnett,* for appellant.

1. The election return was made by only two commissioners, and so of the affidavit required by the statute. The statute is explicit in requiring " their" affidavit, meaning the affidavit of all three. This cannot be construed to mean a majority merely. The duties of the commissioners are ministerial, and the statute contemplates the individual action of each. We submit that the evidence is not sufficient to show the adoption of the local option law.

2. Under the instruction of the court, the jury was not permitted to pass upon the question whether the person selling the liquor, was the servant of defendant? It is immaterial how the jury might have decided this question ; the court had no right to invade its province. To say the jury would have inferred that the person selling was the servant of defendant, is to assume that if this was not so, defendant could have shown it. Selling liquor from defendant's bar may be a stronger circumstance against defendant than the possession of goods recently stolen ; but it is only a question of degree, and the jury must be the arbiters. Would the jury have

acted improperly in rejecting a presumption that might ordinarily be indulged? Did the court have the power to determine the question of fact that the person selling was defendant's agent?

Ordinarily it is said that the proof of the precise time fixed in an indictment is not necessary; but we submit that the doctrine is not applicable to a case of this character, where the defendant is prosecuted for the act of another. Either the time must be proved as laid or the identity of the other person must be fixed. This case is distinguishable from *Whitton* v. *The State*, 37 Miss. 379; *Riley* v. *The State*, 43 Ib. 397; *Gathings* v. *The State*, 44 Ib. 343, and *Teasdale* v. *The State*, recently decided by this court. These decisions were made under the general law against retailing under the codes of 1857, 1871, and 1880, respectively. Under the local option law of 1886, it must be shown that the defendant directly or indirectly sold the liquor.

There was no testimony that defendant ever authorized any one to sell liquor in Yazoo county. The presumption of innocence was therefore not overcome. *Commonwealth* v. *Putnam*, 4 Gray, 16; *Commonwealth* v. *Dunbar*, 9 Ib. 298; *Commonwealth* v. *Briant* (Mass.), 8 N. E. R. 338.

*T. M. Miller*, attorney-general, for the state.

1. It is unnecessary to consider the instruction. One leaving his bar to be run by another must be responsible for the acts of that other. *O'Flinn* v. *The State*, 66 Miss. 7. See, also, *Teasdale's Case* (MSS. op.), where the court held the defendant liable for the act of a clerk in selling liquors, even against orders.

2. It was sufficient for a majority of the election commissioners to certify the returns. The law cannot be frustrated by a failure of the minority of such a body to perform a duty which the majority is ready and willing to perform. While, as a rule, applicable to authority of a private nature, power given to three may not be executed by two, the contrary is true if the authority is of a public nature. Bouvier's Law Dic., "Authority;" 9 Watts (Pa.), 466; 9 S. & R. (Pa.) 99; *Commissioners* v. *Lecky*, 6 Ib. 170; *State* v. *Canvassers*, 17 Fla. 29; Opinion of Justices, 70 Me. 560.

COOPER, J., delivered the opinion of the court.

We find no error in the record. It is uniformly held that mere irregularities of officers of elections, not affecting the purity of the election nor the right of the voter, and not in reference to matters made mandatory by law, do not affect the validity of the election.

McCrary on Elections, §§ 192 to 204; *Pradat* v. *Ramsey*, 47 Miss. 29.

The certification of the returns of the local option election by a majority of the commissioners was sufficient. Opinion of the Justices, 68 Maine, 587.

If appellant was the owner of the bar on the steamer Katie Robins, and intoxicating liquor was sold by a person apparently in charge thereof as clerk or agent, the sale was, in the absence of any countervailing testimony, to be taken as a sale by the defendant; and, since there was no such countervailing evidence, the instruction given in behalf of the state was not erroneous.

*The judgment is affirmed.*