JOHNSON, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–842–CR. Submitted on briefs March 3, 1977.—*
*Decided March 29, 1977.*
(Also reported in 251 N. W. 2d 834.)

674

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Nadim Sahar,* assistant attorney general.

ROBERT W. HANSEN, J. The criminal complaint charged that defendant on February 19, 1975, ". . . did feloniously and intentionally *grant the use of a place,* namely 4641A North 19th Street, City of Milwaukee, *as a place of prostitution,* contrary to Wisconsin statutes section 944.34(2)."

Sec. 944.34(2), Stats., provides that whoever intentionally "(1) Keeps a place of prostitution; or (2) *Grants the use* or allows the continued use *of a place* as a place of prostitution" is guilty of the crime of keeping a place of prostitution. [Emphasis supplied.] Sec. 939.22(24), Stats., defines "Place of prostitution" as "any place where a female habitually engages in nonmarital acts of sexual intercourse or social perversion for any thing of value." It is uncontroverted that this defendant did "grant the use" of her apartment for the purpose of prostitution on February 19, 1975. That is

what was charged. That is what the jury found did take place. That is what happened. However, on appeal, defendant contends that is not enough to justify the charge or warrant the conviction for violation of sec. 944.34 (2), Stats.

Rather, it is contended the prosecution must charge and the trial court must instruct as to a "continued use" of the premises for purposes of prostitution. The statute makes a keeper one who "Grants the use *or* allows the continued use of a place as a place of prostitution." [Emphasis supplied.] Defendant would read this statutory provision as proscribing only "the continued use" of a place as a place of prostitution. As grounds for this contention defendant asserts that the terms "grant" and "allow" are synonymous. To "grant" is to "allow," defendant contends.[1]

Under this view, which both prohibits permitting the use of premises for prostitution on one occasion or on more-than-one occasion, there is no reason to proscribe "continued use," since use on a single occasion had been made illegal. Defendant here claims redundancy, not conflict. If surplusage there is, it is not as to the proscribed use of the premises on a single occasion. Rather it is to the use of the premises for prostitution on more-than-one occasion. If surplusage were here to be found, it is not the "grants the use" on a single occasion that would be scissored out of the statute. Rather, the reference to "allows the continued use" would become unnecessary. Adopting defendant's view, the intentional grant of use of premises for purposes of prostitution on a single occasion would remain conduct proscribed by the statute.

---

[1] Citing Webster's Third New International Dictionary (1966), page 989; *Universal Oil Products Co. v. Vickers Petroleum Co.*, 19 A.2d 727, 728 (Del. Super. 1941); *Thurman v. Adams*, 82 Miss. 204, 33 So. 944, 945 (1903).

However, as this court has recently restated, it is ". . . a maxim of statutory construction that a law should be so construed that no word or clause shall be rendered surplusage."[2] Thus every word appearing in a statute should contribute to the construction of the statute in accordance with its ordinary and customary meaning.[3] As this court has held, ". . . a separate meaning must attach to each individual term in a legislative act."[4] As a penal statute, the section here challenged is to be strictly construed, but not so strictly construed as to defeat legislative intent.[5]

One of the stated objectives of the Wisconsin criminal code was that of "simplifying the criminal law by removing obsolete material and stating each section in clear, concise and definite language so that the scope of the section will be plain."[6] As to sec. 944.34(2), Stats., such simplification has been accomplished by the legislature.[7] Further, we find evident reason for the legislature adding "or allows the continued use" to the pro-

---

[2] *Mulvaney v. Tri State Truck & Auto Body, Inc.*, 70 Wis.2d 760, 764, 235 N.W.2d 460 (1975), citing *Cook v. Industrial Comm.*, 31 Wis.2d 232, 239, 240, 142 N.W.2d 827 (1966). *See also: Edelman v. State*, 62 Wis.2d 613, 616, 215 N.W.2d 386 (1974).

[3] *Omernik v. State*, 64 Wis.2d 6, 12, 218 N.W.2d 734 (1974); *Prechel v. Monroe*, 40 Wis.2d 231, 239, 161 N.W.2d 373 (1968). *See also: Wood County v. Board of Vocational, Technical & Adult Education*, 60 Wis.2d 606, 614, 211 N.W.2d 617 (1973), stating: ". . . this court can only attempt to construe a statute so that all parts have a function and meaning."

[4] *Milwaukee v. Shoup Voting Machine Corp.*, 54 Wis.2d 549, 553, 196 N.W.2d 694 (1972).

[5] *Omernik v. State, supra*, n. 3, at 11, 12; *Capt. Soma Boat Lines, Inc. v. Wisconsin Dells*, 56 Wis.2d 838, 845, 203 N.W.2d 369 (1973).

[6] *See:* Assembly Bill No. 100, A., statement of objectives—1953 draft of proposed Wisconsin Criminal Code (ch. 944, Stats.).

[7] *Compare* former sec. 351.35, Stats. 1951, with present sec. 944.34, Stats.

scription "grants the use . . . of a place as a place of prostitution."

The plain meaning of sec. 944.34(2), Stats., is made clear and effect is given to each word and phrase used in the section when a distinction is recognized between the word "grants" and the word "allows," as here used by the legislature in this statute. As stated in the state's brief on appeal " 'grants' denotes an affirmative approval or a decided assent, [whereas] the word 'allows' denotes a passive assent, acquiescence or toleration of a given situation."[8]

Under this view, the reference to "grants the use" requires proof of an affirmative approval of the use of the premises for the purpose of prostitution on a single occasion. That is, while "habitual use" must still be established, pursuant to sec. 939.22(24), Stats., the prosecution only need allege one "grants the use" on a particular occasion to properly charge the defendant. "Habitual use" need not be proven by reference to exact dates and incidents. The reference to "allows the continued use" requires specific allegations of intentional but passive acquiescence or toleration of the use of the premises for prostitution purposes on more-than-one occasion.

The words here used, "grant" and "allow," have been given many alternative definitions. In fact, a leading law dictionary says of the word "allow," that: "The word has no rigid or precise meaning, but its import varies according to circumstances or context in connection with which it is used."[9] The same legal dictionary gives as one definition of the word "allow" to "acquiesce

---

[8] *Citing: McDiarmid v. Commonwealth*, 184 Va. 478, 35 S.E.2d 813, 815 (1945); *Wilson v. State*, 19 Ind. App. 389, 46 N.E. 1050, 1051 (1897).

[9] Black's Law Dictionary (4th ed. 1968), page 101.

in."[10] As to the word "grant," the same legal dictionary defines the word to mean "to bestow" or "to confer . . . upon someone other than the person or entity which makes the grant."[11] Another legal dictionary defines "grant" to mean "agree or assent to; . . . and is synonymous with 'concede' which means to agree in the idea of bestowal or acknowledgment, especially of a right or privilege."[12]

The distinction here made between the affirmative action required for "grants" and the passive acquiescence involved in "allows" gives reason for the legislature to add "or allows the continued use of" to its proscribing of "grants the use of" on a particular occasion. Proof of either constitutes proof of violation of sec. 944.34 (2), Stats.

Thus where a defendant is charged with granting the use of premises on a single occasion, the state must prove beyond a reasonable doubt that such premises were used on *that* occasion for purposes of prostitution. The state must also prove "habitual use" of the premises beyond a reasonable doubt. *See:* Sec. 939.22(24), Stats.

However, such "habitual use" need not be established by specifically proving a number of incidents beyond a reasonable doubt. Rather, what is required is that evidence be adduced at trial from which the jury can infer "habitual use." Testimony as to unexplained arrivals and departures of various strange males may be an example of such evidence. Testimony of the prostitute herself as to habitual acts is another example—as in the instant case. To hold otherwise would be to establish a quantum of proof that would be nearly impossible

---

[10] *Id.* at 101. *See also:* Words and Phrases, Vol. 3, pocket part edition, at page 51; *City of Eastlake v. Ruggiero,* 7 Ohio App.2d 212, 220 N.E.2d 126, 129 (1966).

[11] *Id.* at 829.

[12] Words and Phrases, Vol. 18A (1956), at page 377, citing *Woods v. Reilly,* 211 S.W.2d 591, 597 (Tex. Civ. App. 1948).

for the state to satisfy—*i.e.*, if each incident had to be specified and proven beyond a reasonable doubt to constitute "habitual use."

Holding there is a distinction between the words "grants" and "allows" as they are used in sec. 944.34(2), Stats.—with no surplusage in the section to be discarded—it follows that this defendant was properly charged with violating sec. 944.34(2) by granting the use of her place as a place of prostitution on February 19, 1975.[13] It also follows the jury had ample reason on this record for holding that the charge brought was sustained by the evidence adduced.

The jury finding of an intentional and affirmative "grant" of use of the premises for prostitution is supported by the presence of the defendant in her kitchen when the prostitute and customer entered the premises and proceeded to defendant's bedroom for the act of prostitution. The jury finding of habitual use of this apartment for such purpose is supported by the testimony here, which the jury was entitled to and apparently did believe, that the same prostitute had used the same bedroom for the same purpose on over one hundred earlier occasions over a four-months' period.

As the trial court properly instructed the jury, "There is no particular extent of time prescribed during which the [use of prostitution] must continue or recur or any fixed amount of recurrence." The trial court instructed

---

[13] Even if it were necessary to charge defendant with granting "continued use," which it is not, this portion of the charge is contained in the citation of the statute—sec. 944.34(2)—in the criminal complaint. This court has repeatedly and quite recently upheld an information which failed to charge a portion of a statute on the grounds that incorporation of the statute itself into the information was sufficient to sustain the complaint. *Brown v. State*, 73 Wis.2d 703, 706, 707, 245 N.W.2d 670 (1976); *Lambert v. State*, 73 Wis.2d 590, 602, 243 N.W.2d 524 (1976); *Schleiss v. State*, 71 Wis.2d 733, 239 N.W.2d 68 (1976).

the jury that, to return a verdict of guilty, it was necessary that jury members be satisfied beyond a reasonable doubt that acts of prostitution were repeated over enough or were continued long enough to find that the place is a place "where a female habitually engages in nonmarital acts of sexual intercourse or sexual perversion for any thing of value."[14] Even though the state charged only that this defendant had granted the use of her place as a place of prostitution on February 19, 1975, the instruction given and the evidence adduced at trial satisfied the statutory requirement of habitual use.

To summarize, in accordance with the construction given above to the terms "grants" and "allows," we hold that the prosecution is only required to charge that defendant "grants the use" and that the trial judge is only required to charge the same, provided the instructions and the proof at trial encompass the statutory requirement of habitual use. Such instruction having been here given, and the jury having been justified in finding habitual use, the defendant has no reason or basis for complaint as to the charge and instructions given.

*By the Court.*—Judgment and order affirmed.

[14] Thus satisfying requirements of habitual use established in sec. 939.22(24), Stats., defining "Place of prostitution."