CITY OF HARTFORD, Plaintiff-Respondent, v. GODFREY, Defendant-Appellant.

Court of Appeals

*No. 79–106. Argued September 19, 1979.—*
*Decided October 16, 1979.*
(Also reported in 286 N.W.2d 10.)

For the appellant, there was a brief and oral argument by *James G. Forester* of *Forester, Carroll & Rupke* of Brookfield.

For the respondent, there was a brief and oral argument by *Robert J. Russell* of Hartford.

Before Voss, P.J., Brown, J., and Bode, J.

BODE, J. Defendant Scott J. Godfrey appeals his conviction for failure to yield the right of way to a pedestrian contrary to sec. 346.23, Stats. The sole issue before us is whether a pedestrian has the right of way to enter an intersection when the pedestrian signal in-

dicates "Don't Walk" although the green light is still on.

The facts are not in dispute. The defendant was driving south on Main Street in Hartford, Wisconsin at approximately 12:50 in the afternoon on December 23, 1976. He entered the intersection of Main and East Sumner and stopped to allow vehicles northbound on Main Street to pass prior to making a left turn. The intersection is controlled by both stop and go lights and pedestrian control signals. The defendant initially entered the intersection on the green light. Traffic was heavy at the time.

A pedestrian on the southeast corner of the intersection entered the crosswalk just prior to the defendant's turn onto East Sumner. At the time the pedestrian stepped off the curb, the green light was on, but the "Don't Walk" signal was flashing. As the defendant started to turn, the yellow caution light for north and southbound traffic came on. The defendant's vehicle struck the pedestrian when she was about two feet into the intersection.

The sequence of the pedestrian and traffic control signals is of particular significance here. The green light and the "Walk" signal go on at the same time, and the green light remains on for a total of forty seconds. However, after twenty-seven seconds the "Walk" signal goes off, and the "Don't Walk" signal comes on. This leaves a total of thirteen seconds in which both the green light and the "Don't Walk" signal are on. The question, therefore, is who has the right of way during that thirteen-second period, the pedestrian or the driver.

The trial court correctly viewed the issue as centering on the interpretation of the two following statutes:

**346.23 Crossing controlled intersection or crosswalk.**

**(1)** At an intersection or crosswalk where traffic is controlled by traffic control signals or by a traffic officer, the operator of a vehicle shall yield the right of way to a pedestrian crossing or who has started to cross the

highway on a green or "WALK" signal and in all other cases pedestrians shall yield the right of way to vehicles lawfully proceeding directly ahead on a green signal. The rules stated in this subsection are modified at intersections or crosswalks on divided highways or highways provided with safety zones in the manner and to the extent stated in sub. (2).

**346.38 Pedestrian control signals.**

Whenever special pedestrian control signals exhibiting the words "Walk" or "Wait" or "Don't Walk" are in place such signals indicate as follows:

(1) WALK. A pedestrian facing a "Walk" signal may proceed across the roadway or other vehicular crossing in the direction of the signal and shall be given the right-of-way by the operators of all vehicles.

(2) WAIT OR DON'T WALK. No pedestrian shall start to cross the roadway or other vehicular crossing in the direction of a "Wait" or "Don't Walk" signal, but any pedestrian who has partially completed crossing on the walk signal may proceed to a sidewalk or safety island while the wait signal is showing.

The trial court and the circuit court on appeal found the above two statutes to be in conflict as sec. 346.23(1), Stats., grants the right of way to a pedestrian who enters a highway on a green *or* "Walk" signal, while sec. 346.38, Stats., prohibits a pedestrian from entering a highway in the face of a "Don't Walk" signal. Both courts thereupon found that sec. 346. 38, Stats., applies only to situations where the sole source of traffic control is pedestrian signals, while sec. 346.23, Stats., controls situations where, as here, both vehicular and pedestrian signals are present. The defendant contends this interpretation of the two statutes was error. We agree and reverse the conviction.

It is well settled in this state "that statutes *in pari materia, i.e.,* dealing with the same subject matter, must be read together and harmonized if possible." (Footnote omitted.) *Weiss v. Holman,* 58 Wis.2d 608, 619, 207

N.W.2d 660, 665 (1973). Both statutes involved here are found in Chapter 346 of the statutes entitled Rules of the Road which is part of the Wisconsin Vehicle Code. The purpose of the Vehicle Code is to advance the overall safety and well-being of persons travelling on the state's highways. *Weiss v. Holman, supra.* The trial court erred, therefore, in its refusal to read the two statutes in conjunction with each other.

Having determined that secs. 346.23 and 346.38, Stats., must be considered together, we turn to the trial court's interpretation of sec. 346.38, Stats., limiting its application to situations where pedestrian control signals are the only signals regulating traffic. The language of sec. 346.38, Stats., does not indicate the legislature intended its applicability to be so limited. On the contrary, Wis. Stat. Ann. sec. 346.38, Committee Notes (1957), provide: "Pedestrian control signals of the type described in this section are in use in Wisconsin and the law ought to recognize them and give them the force of the law, the same as other traffic control signals." In addition, the introductory sentence to sec. 346.38, Stats., states in part: "Whenever special pedestrian control signals . . . are in place . . ." clearly indicating that pedestrian signals are to be given effect wherever they are located. Pedestrians, therefore, are required to obey "Walk" and "Don't Walk" signals at intersections where they are in use.

Despite the clear import of sec. 346.38, Stats., the trial court viewed the language in sec. 346.23(1), Stats., granting a right of way to a pedestrian starting to cross "on a green or 'WALK' signal," as allowing a pedestrian to enter a highway against a "Don't Walk" signal if the green light was still on. This construction apparently resulted from the trial court's interpretation of "or" as allowing pedestrian entry onto a highway either on a "Walk" signal *or* on a green light, either control signal

being acceptable. Such a construction effectively reads sec. 346.38, Stats., right out of the Vehicle Code.

A strict reading of the word "or" should not be undertaken where to do so renders the language of a statute dubious. *State ex rel. Rich v. Steiner*, 160 Wis. 175, 177–78, 151 N.W. 256, 257 (1915). This is especially true where, as here, common facts regarding the subject matter of the statute require otherwise.

Pedestrian control signals are in wide use in Wisconsin. Most often, they are located at intersections which experience a substantial amount of pedestrian and vehicular traffic. There are, however, many intersections in the state that have only standard traffic light signals. At intersections having both types of controls, the green light stays on longer than the "Walk" signal. The purpose of this time differential is to allow pedestrian traffic time to cross the intersection before the cross traffic receives a green light. This shorter time period for pedestrian entry onto a highway promotes pedestrian safety in that it allows the crosswalk to clear before vehicular traffic, whether turning or on the cross street, enters the area of the crosswalk. To allow pedestrian entry onto a highway during the time the green light and "Don't Walk" signal are both on increases the danger of a pedestrian-vehicle accident and in heavy traffic prevents vehicles from turning until the light is red at which time they have lost their right of way.

It is a maxim of statutory construction that a law should be so construed that no word or clause shall be rendered surplusage. *Johnson v. State*, 76 Wis.2d 672, 676, 251 N.W.2d 834, 836 (1977). The interpretation of sec. 346.23(1), Stats., by the trial court renders the statute's reference to "Walk" or "Don't Walk" signals meaningless because it construes the traffic lights as controlling pedestrian traffic even where specific pedestrian signals are in operation. We cannot, in our discre-

tion, simply ignore certain words in a statute in order to achieve a desired construction. The proper interpretation of sec. 346.23(1), Stats., is that pedestrians have the right of way on a green light only *where there are no pedestrian control signals*. Where pedestrian signals are present, a pedestrian's right to enter a highway ends when the "Don't Walk" signal comes on.

In *Schoenauer v. Wendinger*, 49 Wis.2d 415, 182 N.W.2d 441 (1971), our supreme court considered the question of pedestrian right of way under sec. 346.23(1), Stats., in a factual situation similar to the present case. Noting that "[t]he requirements under sec. 346.23, . . . are that the pedestrian be 'crossing' or have 'started to cross' on a 'Walk' light," the court stated the dispositive issue as follows:

The only factual issue to be decided on the question of right-of-way in a case such as this is whether the [pedestrian] was "crossing" or "had started to cross" on a "Walk" signal. If so, the [driver] had a duty to yield; if not, the [driver] had no duty to yield. *Schoenauer, supra* at 427, 182 N.W.2d at 447.

Although *Schoenauer* did not directly address the "green or 'Walk'" language of sec. 346.23(1), Stats., the import of the above quotation is clear; a pedestrian entering a highway on a "Don't Walk" signal has no right of way, and the operator of a motor vehicle no longer has a duty to yield.

There is no dispute that the unfortunate pedestrian in this case entered the intersection when the "Don't Walk" signal was flashing. The defendant, therefore, was under no duty to yield the right of way. A retrial of this matter then is not warranted as the defendant cannot be found to have failed to yield the right of way to a pedestrian. The judgment of conviction is reversed, and the complaint dismissed.

*By the Court.*—Judgment reversed.