DONALDSON, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 78–193–CR. Submitted on briefs November 7, 1979.—
Decided January 8, 1980.*
(Also reported in 286 N.W.2d 817.)

For the plaintiff in error the cause was submitted on the briefs of *Ben Kempinen,* Legal Assistance in Inmates Program, of Madison.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Phillip A. Turner,* assistant attorney general.

DAY, J. The plaintiff in error (hereinafter the defendant) Freddie Donaldson was sentenced to an indeterminate ten year term for armed robbery to be served consecutively to earlier imposed sentences. He sought modification of the sentence by a postconviction motion brought pursuant to sec. 974.06, Stats. A writ of error was issued to review the trial court's order denying the relief requested.

The sole issue presented for review is whether Freddie Donaldson was "serving" the underlying Wisconsin sen-

tences under sec. 973.15(1), Stats. 1973, when he was sentenced in this case so as to allow the imposition of a consecutive sentence.

We conclude that the defendant was not serving his underlying sentences when the armed robbery sentence was imposed and therefore the trial court lacked the statutory authority to order the sentence to run consecutively.

In September, 1969, Freddie Donaldson entered the Wisconsin State Reformatory at Green Bay to serve four concurrent sentences for theft and burglary. On October 8, 1971, he escaped from the custody of the Division of Corrections in Dane county. Following his escape he committed the armed robbery in Milwaukee county for which he was sentenced in this case.

The defendant then fled to California where he was arrested and convicted for first-degree robbery and the theft of a vehicle within that state. He was sentenced respectively to indeterminate terms of six months to five years, and five years to life for those crimes.

While serving the California sentences, the defendant was transported back to Wisconsin pursuant to the Uniform Agreement on Detainers[1] to face trial on one count of armed robbery in the matter before this Court.

The defendant pleaded guilty to the armed robbery charge on May 23, 1974, in the circuit court for Milwaukee county and was sentenced to an indeterminate term of not more than ten years to be "consecutive to existing sentence in California and consecutive to any other sentence defendant may be serving or will be serving from another county in Wisconsin."

The defendant was taken to Dane county where he pleaded guilty to escape and was sentenced to a concurrent three year term to be served with the armed robbery sentence.

[1] Sec. 976.05, Stats. 1973; Cal. Penal Code, sec. 1389 (Deering).

Under the terms of the Uniform Agreement on Detainers, Art. V(d)(e), the defendant was required to be turned over to the custody of the California authorities to complete his sentence. This was done, and after serving his California sentences, the defendant was paroled to the custody of Wisconsin correctional authorities on May 2, 1975, to serve the remainder of his Wisconsin sentences.

The courts of this state have no inherent power in criminal cases to stay the execution of a sentence in the absence of statutory authority, except for the limited purpose of affording relief against the judgment itself. *Drewniak v. State ex rel. Jacquest,* 239 Wis. 475, 484, 1 N.W.2d 899 (1942); *Drinkwater v. State,* 69 Wis.2d 60, 65–66, 230 N.W.2d 126 (1975). A court's authority in sentencing, including the power to impose consecutive sentences for criminal conduct is controlled by statute. *Guyton v. State,* 69 Wis.2d 663, 667, 230 N.W.2d 726 (1975); *Drinkwater, supra; Bruneau v. State,* 77 Wis.2d 166, 168–169, 252 N.W.2d 347 (1977); *Smith v. State,* 85 Wis.2d 650, 654, 271 N.W.2d 20 (1978).

The sentencing authority of the court with regard to concurrent or consecutive sentences is found in sec. 973.15(1), Stats. 1973, which provides:

"973.15. **Sentence, terms, escapes.** (1) All sentences to the Wisconsin state prisons shall be for one year or more. Except as otherwise provided in this section, all sentences commence at noon on the day of sentence, but time which elapses after sentence while the defendant is in the county jail or is at large on bail shall not be computed as any part of his term of imprisonment. The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent or that it shall commence at the expiration of any other sentence; and if the defendant is then serving a sentence, the present sentence may provide that it shall commence at the expiration of the previous sentence. If

a convict escapes, the time during which he is unlawfully absent from the prison after such escape shall not be computed as part of his term. Courts may impose sentences to be served in whole or in part concurrently with a sentence being served in a federal institution or an institution of another state."

This Court has ". . . on numerous occasions pointed out that this section of the statutes is self contradictory and makes almost impossible a rational sentencing procedure," *Bruneau v. State, supra* at 169.

The defendant contends that he was not "then serving" his underlying Wisconsin sentences when the armed robbery sentence was imposed because he was "unlawfully absent" until returned to prison or made "available" to Wisconsin correctional authorities.

Under the provisions of sec. 973.15(1), Stats., unless a court is imposing a primary and consecutive sentence at the same time, it has no authority to impose a consecutive sentence except in cases where the defendant is "then serving a sentence" to which the new term is being made consecutive. *Bruneau v. State, supra* at 168–171; *Drinkwater, supra* at 68–71.

There are three cases recently decided by this Court which are relevant in determining when a defendant is serving a sentence within the meaning of sec. 973.15(1), Stats.

In *Drinkwater v. State, supra,* the defendant while on probation committed an offense and was sentenced to prison. The defendant was then returned to the court that granted probation. Probation was revoked and the sentences which were originally stayed were ordered to be served consecutive to the intervening sentence. This Court held that ". . . a trial judge has no authority to revoke probation and impose sentence to commence consecutive to another prison term." 69 Wis.2d at 64. *See,*

also, *Smith v. State,* 85 Wis.2d 650, 655, 271 N.W.2d 20 (1978).

In *Drinkwater* this Court extensively discussed the legislative history of sec. 973.10(2), Stats., regarding probation revocation and sec. 973.15(1). It was determined that sec. 973.15(1), did not apply in the probation revocation situation. Rather, sec. 973.10(2) mandated that "the term of the sentence [to be imposed upon revocation of probation] shall begin on the date that he enters the prison." The sentences imposed upon the revocation of probation were required to be concurrent with the sentences previously imposed and were to begin on the date the defendant entered prison. 69 Wis.2d at 76.

Although *Drinkwater* did not apply sec. 973.15(1), Stats., its comprehensive analysis of the legislative history of that section had an important influence on the two subsequent cases, *Guyton* and *Bruneau* discussed *infra.* The court in *Drinkwater,* 69 Wis.2d at 70 said:

"Sec. 4733, Stats., the predecessor to sec. 973.15(1), was renumbered as sec. 359.07 by ch. 4, Laws of 1925. The revision of the criminal code in 1949 changed the wording of sec. 359.07. Ch. 631 of the Laws of 1949 deleted from the language of sec. 973.15(1), Stats., the proviso that consecutive terms could only be imposed 'when any person is convicted of more than one offense at the same time.'

"The comment in an article in the 1950 Wisconsin Law Review, page 508, at 519, by William A. Platz, the reporter for this revision of the criminal code, points out that this change in verbiage had nothing to do with probation revocation and sentencing. Mr. Platz, in explaining the revision to sec. 359.07, Stats., said:

" 'There is also added express authority to make any new sentence consecutive to one already being served. The old statute authorized the court to impose consecutive sentences "when any person is convicted of more than one offense at the same time." But no express provision was made for consecutive sentences in those cases

where prisoners who had previously been sentenced were taken from the prison to stand trial on other charges pending against them, as often happens.'

"Since the revision of 1949, the statute has been unchanged. It was, however, by the Laws of 1955, ch. 660, sec. 13, renumbered as sec. 959.07. By the Laws of 1969, ch. 255, it was repealed and renumbered as sec. 973.-15(1)."

The legislative history of this section laid the groundwork for *Guyton v. State*, supra, decided during the same term as *Drinkwater*. The defendant in *Guyton* committed a burglary and was sentenced to prison at a time when he was on parole. The sentence was ordered to run consecutive to any term "that he owes the State as a result of his parole violation." *Guyton, supra*, 69 Wis.2d at 664. At the time of the sentence, his parole had not yet been revoked. The court in construing sec. 973.15(1), Stats. and the specific section dealing with the tolling of periods of probation or parole, sec. 57.072, held that the trial court had no authority to order a sentence to be consecutive to the remainder of an earlier sentence yet to be served as a result of the parole violation.

Sec. 57.072, Stats., provided that parole was tolled when the offender commits a crime and does not recommence until "[r]eceipt of the offender at the penal institution to which he has been sentenced . . ." Thus, under sec. 973.15(1), he was not "then serving a sentence."

In *Bruneau, supra*, the defendant pleaded guilty to burglary and arson. She was sentenced to consecutive terms which were ordered to run consecutive to a manslaughter sentence which had been imposed three days earlier in another branch of the circuit court for Milwaukee county.

This Court held that by virtue of sec. 973.15(1), Stats., the trial court did not have the authority to order the later imposed sentences to be consecutive to the man-

slaughter sentence because the defendant had not been transported to the prison when the subsequent sentences were imposed. Since she had not been delivered to the prison to begin serving the manslaughter sentence, under sec. 973.15(1), she was not "then serving a sentence" when the later sentences were imposed. Thus, the trial court could only make the sentences concurrent to the manslaughter sentence. This result was mandated by sec. 973.15(1) even though the prisoner was receiving credit toward the satisfaction of her term of imprisonment. "A prisoner is not 'serving a sentence' under the terms of sec. 973.15(1), Stats., during the periods for which *Klimas* [*v. State*, 75 Wis.2d 244, 249 N.W.2d 285 (1977)][2] mandates credit." 77 Wis.2d at 172. *Drinkwater* and *Guyton* rather, ". . . hinged upon the legislature's mandate that the service of the sentence commenced on the date of the entry into prison." 77 Wis.2d at 172.

In *Drinkwater* and *Guyton*, the probation and parole statutes explicitly mandated that the sentences imposed for parole or probation violations were not to begin until the offender was received at the prison. In *Bruneau* we concluded that sec. 973.15, Stats., read independently of the statutory provisions involved in *Drinkwater* and *Guyton*, provided that a prisoner was serving a sentence only upon entry into prison.

The question then becomes whether this statutory rule is modified to any extent by other language in sec. 973.-15(1), Stats., which states, "If a convict escapes, the

[2] *Klimas* held that time spent prior to sentencing spent in custody because of financial inability to post bail was required to be credited toward satisfaction of the sentence. Sec. 973.155, Stats., (1977) now comprehensively mandates that credit be given for "all days spent in custody in connection with the course of conduct for which sentence was imposed." *See, Clark v. State*, 92 Wis. 2d 617, 643, 286 N.W.2d 344 (1979).

time during which he is unlawfully absent from the prison after such escape shall not be computed as part of his term."[3]

The defendant was serving concurrent sentences until he escaped from Wisconsin correctional authorities. At that time he ceased to be serving a sentence. A consecutive sentence could only be imposed under sec. 973.15 (1), Stats., when the defendant recommenced the service of his sentence.

The parties do not agree on the interpretation of unlawfully absent. Neither party's reasoning as to what constitutes unlawful absence can be rationalized under the statute. The defendant argues that an escapee is no longer unlawfully absent when he is available to serve his underlying sentence. The statute, however, is not phrased in terms of availability. Likewise, the state's argument that any time the escapee is in the lawful custody of Wisconsin officials he is not unlawfully absent but when he is in the lawful custody of another jurisdiction his absence is unlawful is a distinction not made in the statute.

Penal statutes are to be strictly construed. *State v. Tollefson*, 85 Wis.2d 162, 170, 270 N.W.2d 201 (1978). Penal sanctions must be clearly defined by the legislature. *See, State v. Wilson*, 77 Wis.2d 15, 28, 252 N.W.2d 64 (1977).

A statute should be construed so that no word or clause shall be rendered surplusage and every word if possible should be given effect. *Johnson v. State*, 76

---

[3] Sec. 973.15, Stats. 1975, was repealed and recreated by ch. 353, Laws of 1977. In the new section, the relevant provision reads: "If a convicted offender escapes the time during which he or she is unlawfully *at large* after escape, shall not be computed as service of the sentence." (Emphasis added.)

Wis.2d 672, 676, 251 N.W.2d 834 (1977); *Prechel v. Monroe,* 40 Wis.2d 231, 239, 161 N.W.2d 373 (1968). We construe the language referring to unlawful absence as merely insuring that no credit be given toward completion of the sentence for the time beginning with escape and ending with recapture.

Sec. 990.01 Stats. 1977, provides that statutory language is to be construed according to common and approved usage.[4] Unlawful is defined as "contrary to or prohibited by law . . . acting contrary to or in defiance of the law." Webster's Third New International Dictionary. The escapee is unlawfully absent until he is taken into custody by lawful authorities in any jurisdiction. He then ceases to be unlawfully absent because his custody in the hands of authorities other than the prison officials is sanctioned by law.

Thus, from the time the defendant was apprehended in California to the time of his sentencing for armed robbery in this case he was lawfully absent from prison.

As has been discussed above, this Court has consistently interpreted sec. 973.15(1), Stats., to require entry into prison before finding that a sentence is being served. Since the legislature has expressly provided for the consequences of unlawful absence only, we must refer to other parts of sec. 973.15(1), to determine the consequences of lawful absence from prison in regard to the

---

[4] "990.01. **Construction of laws; words and phrases.** In the construction of Wisconsin laws the words and phrases which follows all be construed as indicated unless such construction would produce a result inconsistent with the manifest intent of the legislature.

"(1) GENERAL RULE. All words and phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning."

recommencement of the service of a sentence. The only other portion of the statute dealing with the service of a term of imprisonment is the language construed in *Drinkwater, Guyton* and *Bruneau.* Recommencement of the service of a prison term therefore will occur only upon the escapee's return to the prison.

The defendant was transported to Wisconsin only for the purpose of trying the armed robbery charge. He was at no time returned to the prison to serve his underlying term. As a result, he was not "then serving a sentence." The trial court was therefore in error. The sentence for armed robbery could only be concurrent to his underlying sentence and would commence when the defendant was returned to the prison to serve the remainder of his underlying term.[5]

The order of May 19, 1978, denying postconviction relief for modification of sentence is reversed. The sentencing judgment entered on May 23, 1974, is modified to provide that the ten year sentence imposed for armed robbery should be served at the state prison at Waupun concurrently with his prior four concurrent sentences for theft and burglary and the escape sentence.

The result reached in this case again points to the need for legislative revision of the consecutive sentencing statute. *Bruneau, supra,* 77 Wis.2d at 173.

*By the Court.*—Order reversed, sentence modified and, as modified, affirmed.

WILLIAM G. CALLOW, J. *(concurring).* The majority opinion specifically recognizes the need for legis-

---

[5] The construction given to the statute in the above analysis is strengthened by the subsequent modification made to the language of sec. 973.15(7), Stats. 1977, which changed "unlawfully absent" to "unlawfully at large." (See fn. 3) An escapee is no longer "at large" once he is in custody. It is clear that the legislature did not intend automatic commencement of prior sentences when an escapee is taken into custody in any jurisdiction.

lative revision of the sentencing statutes. This court made the same observations in *Bruneau v. State*, 77 Wis.2d 166, 173, 252 N.W.2d 347 (1977). The legislature did not act.

Until the legislature revises the statute, the Wisconsin convict who escapes from detention gains a sentencing advantage over the convict who does not escape. This occurs in those circumstances where the escaped convict is detained on charges in another state during the time the convict is an escapee. The escaped convict can demand to be temporarily returned to Wisconsin from the detaining state for the limited purpose of answering Wisconsin charges. If conviction results, the Wisconsin court is prohibited from imposing a sentence consecutive to the sentence the escapee was serving at the time of the escape because the escapee is not presently serving the Wisconsin sentence. The prisoner who does not escape and is brought to court from the Wisconsin correctional institution to answer other charges is, upon conviction, subject to consecutive sentences because he is presently serving a Wisconsin sentence.

Since consecutive sentencing authority legislation was intended to give the sentencing court the option to separately penalize a defendant for each individual offense, the penal status of the defendant at the time of sentencing should not selectively frustrate that intent.

I am hereby authorized to state that Mr. Justice CONNOR T. HANSEN and Mr. Justice JOHN L. COFFEY join in this concurring opinion.