TIM CULLEN, Chairman Senate Organization Committee
You have requested my opinion concerning interpretation of 1985 Wisconsin Act 290, which amends the Medical Practices Act, section 448.04 (1)(e), Stats. The amendment allows physical therapists to practice without referral in certain limited situations.
As amended, section 448.04 (1)(e) provides as follows. The amending language is underlined.
 448.04 (1)(e) License to practice physical therapy. A person holding a license to practice physical therapy may practice as defined in s. 448.01 (4) upon the written referral of a physician, dentist or podiatrist. Written referral is not required if a physical therapist is appointed to a multidisciplinary team under s. 115.80 (3) to assist in the identification of children with exceptional educational needs, provides services as Part of a home health care agency or provides services to a Patient in a nursing home pursuant to the patient's plan of care. The board may, by rule, provide for various classes of temporary licenses to practice physical therapy.
You ask the following questions regarding the newly amended statute:
 1. Physical therapists usually are not appointed to multidisciplinary teams (M-team) for the purpose of identifying children with exceptional educational needs. Does the language mean "evaluate" the child for purposes of M-team screening?
 2. If appointed to an M-team, may a physical therapist provide services without referral to children who are identified as having physical therapy needs?
 3. If appointed to an M-team, may the physical therapist "screen" kindergarten children without referral?
 4. If a physical therapist is under contract to a home health care agency, may that physical therapist provide services to *Page 218 
any of the home health care agency's clients without physician referral?
 5. Within a nursing home, is there a requirement for the patient's plan of care to specify particular physical therapy services? Many care plans are very general.
Your first three questions concern physical therapists' participation, as part of M-teams, in identifying children with exceptional educational needs. Sections 115.76 through 115.996
establish a statewide program for these children, who are defined as those having mental, physical or learning disabilities which require specialized education. See sec. 115.76 (3), Stats.
Children suspected of having exceptional educational needs are identified by two methods. The first consists of direct referral by reporting the name of the child to the school board. See sec.115.80 (1)(a), Stats., and s. PI 11.02 (1), Wis. Adm. Code. This referral can be initiated by parents, teachers, psychologists, social workers, social agency administrators, doctors or nurses.See sec. 115.80 (1)(a), Stats. The second method consists of continuous screening, both formal and informal, which is conducted in the public schools and in state and county residential facilities. See sec. 115.80 (2), Stats., and s.PI 11.02 (2), Wis. Adm. Code.
Once these children are preliminarily identified, they are evaluated by an M-team. See sec. 115.80 (3), Stats., and s. PI 11.03 (1), Wis. Adm. Code. The M-team is appointed by the school board and consists of two or more persons who have expertise in assessment and programming for the exceptional educational needs of the child being evaluated. See sec. 115.80 (3)(a), Stats., and s. PI 11.03 (3), Wis. Adm. Code. The M-team is responsible for determining whether a child does indeed have exceptional educational needs and, if so, for recommending to the school board an educational program fitted to the individual child's needs. See sec. 115.80 (3) (b)(e), Stats., and s. PI 11.03 (1), Wis. Adm. Code.
The language of section 448.04 (1)(e) is clear and unambiguous: by its plain meaning it permits physical therapists to participate as M-team members "to assist in the identification of children with exceptional educational needs." Under the amended statute, physical therapists are now permitted to participate, without referral, in the M-team process outlined above and set forth more fully in sections 115.80 (3) and PI 11.03. The answer to your first question, *Page 219 
therefore, is "yes"; the statutory language plainly permits physical therapists to participate in evaluating a child for purposes of M-team screening.
In response to your second question, section 448.04 (1)(e) provides only for physical therapists' participation in the "identification" of children with special needs. Nothing in the statutory language further permits physical therapists to provide professional services without referral once the identification process is concluded. Thus, the answer to your second question is "no."
In responding to your third question, I will assume that you use the word "screen" synonymously with the word "evaluate" as used in your first question. Although the words have a somewhat different meaning, both are part of the process of identifying children under section 115.80. The "children" to be identified are defined as any persons under the age of twenty-one years. Sec. 115.76 (2), Stats. M-team examination, however, is restricted to children who have attained the age of three years. Sec. 115.80 (3)(b), Stats. Therefore, physical therapists, as part of M-teams, may screen or evaluate kindergarten children without referral. The answer to your third question is "yes."
Your fourth question concerns "home health care agencies," which I assume are the same as "home health agencies" as defined by section 141.15. Section 448.04 (1)(e), by its plain meaning, now permits physical therapists to "provide services as part of a home health care agency" without referral. The answer to your question is therefore "yes."
As for your final question, section 448.04 (1)(e) now states that physical therapists may "provide services to a patient in a nursing home pursuant to the patient's plan of care." The fact that the term "pursuant to the patient's plan of care" is included in the revised statute indicates that physical therapy must be specifically noted in the plan. Otherwise, the term would be superfluous. A statute should be construed so that no word or clause is rendered surplusage, and so that every word is given effect. Donaldson v. State, 93 Wis.2d 306, 315, 286 N.W.2d 817
(1980). Accordingly, the answer to your fifth question is "yes."
BCL:BLB *Page 220