Koch, Plaintiff in error, vs. The State, Defendant in error.

*May 5—May 21, 1914.*

*Intoxicating liquors: Licenses: Limit.*

The ratio limit fixed by sec. 1565*d*, Stats., having already been ex-
ceeded in a town, no license could be granted for the sale of
liquor therein upon premises which, though used under a valid
license for saloon purposes up to June 30, 1907, had thereafter
for more than three years ceased to be used for such purposes,
where the applicant was not a person who, for the reasons
stated in said section, might be licensed to continue the sale of
liquor in a changed location.

Error to review a judgment of the circuit court for Forest
county: W. B. Quinlan, Circuit Judge. *Affirmed.*

The plaintiff in error was convicted of selling intoxicating
liquors without a valid license, and brings his writ of error
to reverse the judgment. The facts were not in dispute.
The premises on which the plaintiff in error was conducting
a saloon business at the time of the alleged illegal sale, viz.
September 8, 1913, are situated in the town of Wabeno, For-
est county, and were used for saloon purposes by one Krueger
under a valid license June 30, 1907. They ceased to be so
used on the following day, remained vacant for a time, were
used for a year for a general store, and on January 24, 1911,
were again used for saloon purposes. At this time the plaint-
iff in error, who had not theretofore been engaged in such
business, obtained a license from the town authorities for
that purpose, rented the premises, and commenced to use
them for saloon purposes. At the time this license was is-
sued there had been theretofore granted by the town saloon
licenses in excess of the ratio limit prescribed by sec. 1565*d*,
Stats. How long business was done under this license does
not appear. On June 16, 1913, the town board granted ten
saloon licenses, the population of the town being but 1,877.
On the following day the board in form granted a license to

the plaintiff in error.    He did not take it out of the clerk's office until September 5th following.

The cause was submitted for the plaintiff in error on the brief of *P. J. Winter,* and for the defendant in error on that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

WINSLOW, C. J.    The ratio limit fixed by sec. 1565d, Stats., having been exceeded before the license in question was granted, that license must be void unless the case comes within the exceptions named in the section.

Following the previous decisions of this court upon said section, viz. *State ex rel. Marvin v. Larson,* 153 Wis. 488, 140 N. W. 285, and *Zodrow v. State,* 154 Wis. 551, 143 N. W. 693, it must be held that the present case does not come within those exceptions.    The purpose of the exceptions was, notwithstanding the ratio limit may have been passed, (1) to make it possible for the use of the premises for saloon purposes to be *continued;* (2) to make it possible for the tenant to be licensed to *continue* the business at another place if for certain named reasons he could not continue it on the premises.    The entire discontinuance of the use of the premises for saloon purposes after July 1, 1907, for more than three years takes them out of the first class of exceptions, and there is no claim that plaintiff in error comes within the second class.

*By the Court.*—Judgment affirmed.