State ex rel. Rich v. Steiner, 160 Wis. 175.

STATE EX REL. RICH, Appellant, vs. STEINER, Respondent.

*February 9—March 2, 1915.*

*Intoxicating liquors: Licenses: Termination by death of licensee: Limitation of number: Statute construed.*

1. In the absence of a statute providing otherwise, a license for the sale of intoxicating liquors, although for a fixed term, terminates with the life of the licensee; but the administrator of a deceased licensee may lawfully dispose of the stock of liquors in bulk.
2. A retail liquor license issued for the year ending June 30, 1907, which terminated by the death of the licensee before that date, was a license "granted or issued and in force on or prior to the thirtieth day of June, 1907," within the meaning of sec. 1565*d*, Stats. (ch. 484, Laws of 1907).
3. The word "or" in a statute may, to avoid absurdity, be construed as equivalent to "and."

APPEAL from a judgment of the circuit court for Juneau county: E. C. HIGBEE, Judge. *Affirmed.*

For the appellant there was a brief by *Veeder & Veeder,* and oral argument by *C. A. Veeder.*

*Frank H. Hanson,* for the respondent.

Timlin, J.   In this statutory action brought by leave of court to abate as a nuisance an alleged unlicensed retail liquor business, it appeared without controversy that a retail liquor license was on July 2, 1906, by the city of Mauston, duly issued to one John McGarty for the premises in question and for the year ending June 30, 1907.   The licensee died October 5, 1906, and his widow and administratrix conducted for his estate this retail liquor business at the same place from the time of his death up to and including June 30, 1907, without obtaining another license.   The widow and children of John McGarty continued to own the premises in question and retail liquor licenses were issued to other persons, presumably tenants of theirs, on July 1, 1907, and every year thereafter until the year 1914, when such a license for this place was issued to the respondent, *Steiner*.   On June 30, 1907, and every year since the city of Mauston had, counting the licensed premises in question, more than one license for each 250 inhabitants or fraction thereof.   The learned circuit court held that the license of *Steiner* expiring June 30, 1915, was valid and gave judgment accordingly dismissing the complaint.

The appellant contends that on the death of McGarty on October 5, 1906, his license expired and did not pass to his administratrix or authorize her to continue the retail sale of liquors to be drunk on the premises, consequently there was no license in force for the premises in question on June 30, 1907, and that a proper reading of the statute, sec. 1565*d*, Stats. 1913, otherwise ch. 484, Laws of 1907, popularly known as the Baker law, forbade the issue of retail liquor licenses beyond the proportion of one for every 250 inhabitants or fraction thereof, except in certain cases where there was such a license issued and in force on *and* prior to June 30, 1907.   The statute reads, "in force on or prior to the thirtieth day of June, 1907," but it is said that the literal rendering of this statute would lead to absurd results, hence the

statute must be taken as if it read "in force on and prior to the thirtieth day of June, 1907." This statute has given rise to several difficult questions of construction. *State ex rel. Marvin v. Larson,* 153 Wis. 488, 140 N. W. 285; *Zodrow v. State,* 154 Wis. 551, 143 N. W. 693; *Koch v. State,* 157 Wis. 437, 147 N. W. 366.

The instant case also presents a difficult question of construction. On the one hand it does not seem very reasonable that the legislature, while endeavoring to fix a maximum of liquor licenses for the municipality and at the same time protecting the property of men who had invested in saloon business or buildings, intended to withdraw the latter protection from the widow and children of such men. Nevertheless it is well established law that in the absence of a statute providing otherwise a license of this kind, although for a fixed term, comes to an end with the life of the licensee. *People v. Sykes,* 96 Mich. 452, 56 N. W. 12; *U. S. v. Overton,* 2 Cranch C. C. 42, Fed. Cas. No. 15,979; 1 Woollen & Thornton, Intox. Liq. sec. 422 and cases cited; *Petition of Blumenthal,* 125 Pa. St. 412, 18 Atl. 395; Black, Intox. Liq. § 131.

But the administrator of deceased licensee may, like a sheriff or receiver and by virtue of his authority as administrator, lawfully dispose of the stock of liquors in bulk. *Williams v. Troop,* 17 Wis. 463. It must therefore be conceded that there was no license in force at the premises in question on June 30, 1907. It must be further conceded that there was a retail liquor license issued and in force for the year ending June 30, 1907, and prior to June 30, 1907.

" 'Or' is usually disjunctive; occasionally, to avoid absurdity, it is construed as a conjunctive and equivalent to 'and,' but it is also used in the sense of 'alias.' " *Menominee River B. Co. v. Augustus Spies L. & C. Co.* 147 Wis. 559, 569, 132 N. W. 1118.

"The popular use of 'or' and 'and' is so loose and so frequently inaccurate that it has infected statutory enactments.

While they are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context. In *People ex rel. Municipal Gas Co. v. Rice* (138 N. Y. 151, 156, 33 N. E. 846) it is said that the words 'and' and 'or' when used in a statute are convertible as the sense may require." 2 Lewis's Sutherland, Stat. Constr. § 397.

This court has heretofore declared that the intention of the legislature in framing the statute in question was twofold, viz. to limit the number of saloons and at the same time to protect investments made in saloon property so far as could be conveniently done. The first of these considerations would tend to induce the reading of "and" instead of "or;" the second, the reading of the statute as it is written. If the words "in force on or prior to the thirtieth day of June, 1907," were taken disjunctively and at the same time taken to include all prior time, the interpretation would be absurd. This would be an argument for construing the statute to read "on and before." The respondent meets this, however, with the argument that "on or prior to the thirtieth day of June, 1907," by force of the context relates to licenses issued for the license year terminating on the date last mentioned. He contends that if a license was issued and in force during the license year then terminated and either on or prior to the 30th day of June, 1907, it falls within the saving clause. The statute as it now exists was brought into being by ch. 188, Laws of 1907, which was approved June 6, 1907, published June 8, 1907, and went into effect on and after the first Tuesday in July, 1907. That act provided that where a greater number of licenses may have been granted or issued prior to the 30th day of June, 1907, than would be permissible under the limitation relating to 250 inhabitants, it should be lawful for the local authorities to grant and issue licenses equal in number to those issued on or prior to the last mentioned day, but no addi-

tional licenses in number should be granted or issued, etc. "Provided further that licenses be granted or issued to persons for those places or locations for which licenses were issued or granted on June 30, 1907," etc.   This, we think, must be held to mean outstanding and in force on June 30, 1907, because few or no licenses for the year ending June 30, 1907, would be issued or granted on that. day.   At the same session of the legislature and on July 9, 1907, this statute was amended to read as it now reads: "licenses may have been granted or issued and in force on or prior to the thirtieth day of June, 1907."   This is repeated three times in the amended statute, and the words "on or prior" are among the italicised words added by amendment.   Where there is such apparent deliberation in the choice of these words, such a conflict of purposes to be accomplished thereby, and no manifestly absurd consequences necessarily flowing therefrom, and as to licenses terminated by the death of the licensee and not otherwise, the statute must be upheld as written.   That is to say, in the case here before the court there was within the meaning of the statute and for the year 1907 a license in force on or before June 30, 1907.

*By the Court.*—Judgment affirmed.