DR. BARBARA THOMPSON, State Superintendent, Department of PublicInstruction
You request my opinion whether a town, city or village which does not maintain a public library, but which makes contribution
to a nearby public library, may be exempted from the county-wide tax for library purposes authorized by sec. 43.64 (2), Stats.
It is my opinion that it cannot, assuming that the municipality involved does not itself maintain a public library located within its boundaries and does not jointly with one or more other municipalities maintain a public library within or without its boundaries. Joint maintenance would be permissible under secs. 66.30, 43.52, 43.56 and 43.60, Stats. This conclusion was also reached, under former statutes, in 60 OAG 389 (1971).
Section 43.64 (2), Stats., renumbered from sec. 43.25 (4), by ch. 152, Laws of 1971, which creates an exemption from the county tax levy in certain cases provides: *Page 183 
 "(2) Any city, town or village in a county levying a tax for a county library under sub. (1) shall, upon written application to the county board of the county, be exempted from the tax levy, if the city, town or village making the application expends for a library fund during the year for which the tax levy is made a sum at least equal to the sum which it would have to pay toward the county tax levy." (Emphasis added.)
The statute uses the phrase "expends for a library fund." The words "library fund" are not defined in this section or elsewhere in ch. 43, Stats. Statutes creating an exemption are to be narrowly construed. When there are several statutes relating to the same subject matter, they should be read together and harmonized if possible. City of Milwaukee v. Milwaukee County
(1965), 27 Wis.2d 53, 133 N.W.2d 393.
The words "library fund" appear in secs. 43.52 (1) and 43.58
(1), Stats.
Section 43.52 (1), Stats., provides in part:
 "(1) Any municipality may establish, equip and maintain a public library, and may annually levy a tax or appropriate money to provide a library fund, to be used exclusively to maintain the public library; and may enact and enforce police regulations to govern the use, management and preservation thereof. After December 17, 1971, any municipality desiring to establish a new public library shall obtain a written opinion by the division regarding the feasibility and desirability of establishing the public library before final action is taken. . . ." (Emphasis added.)
Section 43.54 (1) (a), Stats., provides that "Each public library established under s. 43.52 shall be administered by a library board . . . ."
Section 43.56, Stats., provides that "Joint library boards may be created by any 2 or more municipalities by appropriate agreement of their governing bodies. . . ."
Section 43.58 (1), Stats., provides in part:
 "(1) The library board shall have exclusive control of the expenditure of all moneys collected, donated or appropriated for the library fund . . . ." *Page 184 
A "library fund" therefore consists of the proceeds of a tax levied and moneys appropriated by a municipality to be used exclusively to maintain "the public library" established, equipped and maintained by the municipality. Expenditures therefrom can only be made by a library board. If a city, town or village does not have a library within its boundaries or is not obligated under contract with one or more other municipalities to operate a library located outside its boundaries, there is no need for the special library fund.
Chapter 43 in its entirety indicates a legislative intent to improve and expand the public library system on a county-wide basis under the supervision of the division for library services. Among the objectives of the system are to encourage the most efficient use of library resources "in a manner that is in harmony with the geographic, economic, population and other factors influencing the needs and development of local communities," sec. 43.01 (2), Stats., and "to plan and coordinate on a state-wide basis public library services," sec. 43.01 (3), Stats. See also secs. 43.09 (2), 43.11, 43.13, 43.15, 43.19 and43.21, Stats., all of which are concerned with establishing standards and setting up library boards to promote planned development.
Section 43.18 (1), Stats., allows a municipality to withdraw from a library system only "if the resolution [to withdraw] is adopted at least 6 months prior to the close of the system's fiscal year." The purpose of this section appears to be to facilitate orderly development by ensuring to the library board a foreknowledge of expected revenue. Obviously, carefully planned development is not possible if the board in charge of implementation does not know during any one period what its financial resources will be. To allow exemptions from the county-wide tax assessment to one municipality for voluntary contributions made to another would undermine the intent of the legislature that library system development be orderly, efficient, and in accordance with an established plan.
Furthermore, ch. 43 does allow municipalities to pool resources, provided that they do so in the manner set forth in sec. 43.56, Stats. It is my opinion that such informal arrangements as are contemplated in your opinion request are outside the scope of the statute, and that municipalities making contributions in that way *Page 185 
are not entitled to an exemption from the county tax levy under sec. 43.64 (2), Stats.
BCL:RJV