McLeod, a/k/a Lois Probst, Plaintiff in error, v. State, Defendant in error.†

Court of Appeals, District I

*No. 77–733–CR. Submitted on briefs August 10, 1978.—
Decided October 9, 1978.*
(Also reported in 271 N.W.2d 157.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiff in error, the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender and *Mark Lukoff,* first assistant state public defender.

For the defendant in error, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general and *Pamela Magee-Heilprin,* assistant attorney general.

Before Decker, C.J., Cannon, P.J. and Hansen, Reserve Judge.

HANSEN, J. This defendant pleaded guilty to the crime of having caused bodily harm to a person who was a "witness,"[1] as party to the crime.[2] On defendant's plea of guilty, proof was offered that, to quote defendant's brief on this appeal, "Joseph Zoldas was beaten by Richard McLeod, at defendant's request, for fear that Zoldas would testify against defendant should she be charged as aiding one Ricky Bogart in a prior armed robbery of Zoldas (Record references omitted)."[3] Defendant on appeal claims that the battery-to-a-witness statute applies only

[1] Sec. 940.206, Stats.

[2] Sec. 939.05, Stats.

[3] Brief for Defendant-Appellant at 3.

where the "witness" had testified before suffering the bodily harm inflicted.

The battery-to-a-witness statute covers inflicting harm on a person "who is or was a witness as defined in s. 943.30(3)(b). . . ."[4] That subsection defines "witness" to include "any person . . . who, by reason of having relevant information is subject to call or is likely to be called as a witness, whether or not any action or proceeding has yet been commenced."[5] This statutory definition of the word, "witness," as here used makes clear that one who is likely to be called as witness, as was the assault victim in this case, is protected under this statute, as is the person who has testified. The words of the statute include "a person who is or was a witness,"[6] meaning one who has taken or is likely to take the witness stand in a judicial proceeding.

Even if the clear inclusion of a person expected to testify in the future as to facts within his knowledge were not in this statute, the result would be the same. The meaning of the word, "witness," as used in a statute is to be determined in the case of each such statute "by attendant circumstances and context."[7] As to statutes making it a crime to intimidate by threats or force a witness in a judicial proceeding, courts uniformly hold that a person is a witness "when he knows or is supposed to know material facts and expectably is to be called to testify to them."[8] The reason for this application of the primary

---

[4] Sec. 940.206, Stats.

[5] Sec. 943.30(3)(b), Stats.

[6] Sec. 940.206, Stats.

[7] *United States v. Minker*, 217 F.2d 350, 351 (3d Cir. 1954), *aff'd*, 350 U.S. 179 (1956).

[8] *United States v. Jackson*, 513 F.2d 456, 459 (D.C. Cir. 1975). See also: *Hunt v. United States*, 400 F.2d 306, 308 (5th Cir. 1968), *cert. denied*, 393 U.S. 1021 (1969); *Odom v. United States*, 116 F.

or broader definition of the word, witness,[9] goes to the basic purpose of such statutes, to-wit, preventing the impeding of the administration of justice by the threatening or harming of witnesses. As one court has said, the construction of a statute making it an offense to influence or injure a " 'witness' is determined with a view to substance, rather than form."[10] In this state, substance and form combine to define "witness" in the battery-to-a-witness statute as including both one who has been and one who is expected to be summoned to testify.[11]

Despite this clear and precise definition of who is a "witness" and protected by this battery-to-a-witness statute, it is here contended that a person who has not already testified from the witness stand is not protected by this statute. Reliance for this contention is based upon a phrase in the sentence in the battery-to-a-witness statute requiring the assault to be "with intent to cause bodily harm to that person [a witness as defined in s. 943.30 (3) (b)]."[12] As to such intent, the statute states that is to be "by reason of his [the witness] having attended or testified as a witness. . . ."[13] Does this use of the past

2d 996, 998 (5th Cir. 1941), *revd on other grounds*, 313 U.S. 544 (1941); *Hruby v. Chicago Transit Authority*, 11 Ill.2d 255, 142 N.E.2d 81, 83 (1957); 46 Words and Phrases, *Witness*, pp. 207–219 (perm. ed. 1970).

[9] See: Ballentine's Law Dictionary 1374 (3d ed. 1969), stating the general or primary definition to be: "Noun: One who has observed so as to be able to give an account of something. An individual who has knowledge of a fact or occurrence sufficient to testify in respect to it."

[10] *United States v. Grunewald*, 233 F.2d 556, 571 (2d Cir. 1956), *revd on other grounds*, 353 U.S. 391 (1957) holding: "hence anyone who 'knows or is supposed to know material facts, and is expected to testify to them, or be called on to testify is a witness.' "

[11] Sec. 943.30(3)(b), Stats.

[12] Sec. 940.206, Stats.

[13] *Id.*

tense operate to replace or alter the definition of "witness," carefully spelled out in the earlier part of the same section of the same statute? We think not. It is true that the legislature, in its rules for construction of statutes, has prescribed that "[t]he present tense of a verb includes the future when applicable,"[14] but not that the past tense include the future. However, in such construction-of-laws statute, the legislature has provided its rules shall be observed "unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature. . . ."[15] In the statute before us here, the manifest intent of the legislature is spelled out by the definition of "witness" to include persons expected to be summoned to testify in the future. The reference to intent to harm "by reason of" the victim having testified, we hold, includes an assault intended to prevent the consequences of the victim having testified as well as to punish such witness for testimony already given. Our state Supreme Court has said that "the meaning of a word takes color and expression from the purport of the entire phrase of which it is a part, and it must be construed to harmonize with the context as a whole."[16] Here, dealing with a single sentence statute, with a clear definition by incorporation of who is to be protected by the statute, we hold the "by reason of" reference to include the attacker's fear of future, as well as past consequences, to the attacker of the witness, "having attended or testified as a witness . . . ."[17] No other construction of the "by reason of" reference harmonizes with or carries out the manifest and expressed purpose of the battery-to-a-witness statute.

[14] Sec. 990.001(3), Stats., also providing that: "The future perfect tense includes past and future tenses."

[15] Sec. 990.001, Stats.

[16] *Lewis Realty, Inc. v. Wisconsin Real Estate Brokers' Board*, 6 Wis.2d 99, 108, 94 N.W.2d 238 (1958).

[17] Sec. 940.206, Stats.

Even if we were to hold the juxtaposition of the definition of "witness" and the "by reason of" clause in this single sentence statute to create an ambiguity,[18] the result would be the same. Where a statute is not clear on its face as to its meaning or application, "the courts will, in fact, must look to the legislative intent in construing the statute."[19] Here, the object intended by the legislature to be accomplished, or the ill to be remedied, is not only established by the language of the statute as to its scope, as we have here held, but also is made clear by the legislative history of the measure.

As pointed out in the attorney general's brief on this appeal,[20] the Drafting File for Chapter 252, Laws of 1969, from which both sec. 940.206 and sec. 943.30 (3) (b) are derived, includes the following comments to the bill (1969 Assembly Bill 859) which created the statutory sections here before us:

"3. Witnesses and jurors are protected against outside influence (Analysis of Assembly Bill 859, by Legislative Reference Bureau).

"In order to protect witnesses and jurors, this section creates the statutory crime of battery against witnesses or jurors.

"*Purpose:* This statute is aimed at the organized criminal practice of preventing witnesses from testifying in grand juries or at trials." (Analysis of Assembly Bill 859, by Legislative Reference Bureau.)

Thus inquiry into the legislative history of the battery-to-a-witness statute confirms what examination of the

---

[18] "A statute or portion thereof is ambiguous when it is capable of being understood by reasonably well-informed persons in either of two or more senses." [footnote omitted] *State ex rel. Neelan v. Lucas*, 24 Wis.2d 262, 267, 128 N.W.2d 425 (1964).

[19] *State ex rel. Gutbrod v. Wolke*, 49 Wis.2d 736, 742, 183 N.W. 2d 161 (1971).

[20] Brief for Plaintiff-Respondent at 4–5.

statute on its face as to its scope or coverage makes evident. This statute,[21] as well as its corollary containing the definition-by-reference of "witnesses,"[22] was enacted to prevent the interference with the administration of justice by causing harm or threatening harm to persons who had testified or were likely to be called as witnesses. We hold that it is to be construed as making battery-to-a-witness a crime as to those who have testified as witnesses in the past or are likely to testify as witnesses in the future. Only such construction "harmonize(s), and thus give(s) effect to the leading idea behind the statute."[23] Any other construction would here be unreasonable, and we are directed to construe statutes in this state so as "to avoid an unreasonable or absurd result."[24] That is what we have here done.

*By the Court.*—Judgment and order affirmed.

[21] Sec. 940.206, Stats.

[22] Sec. 943.30(3)(b), Stats.

[23] *State v. Schaller,* 70 Wis.2d 107, 110, 233 N.W.2d 416 (1975).

[24] *Schwartz v. ILHR Dept.,* 72 Wis.2d 217, 222, 240 N.W.2d 173 (1976).