WILLIAM G. THIEL, Corporation Counsel Eau Claire County
Section 43.64 (1), Stats., authorizes a county board of a county expending money for public library service to levy a tax to provide funds for such service and to include the amount of such tax in taxes *Page 50 
determined to be levied under section 70.62 (1), Stats. Your question relates to qualifying for the exemption included in section 43.64 (2), which provides:
 Any city, town, village or school district in a county levying a tax for a county library under sub. (1) shall, upon written application to the county board of the county, be exempted from the tax levy, if the city, town, village or school district
making the application expends for a library fund during the year for which the tax levy is made a sum at least equal to the sum which it would have to pay
toward the county tax levy.
You inquire whether the language "expends for a library fund during the year for which the tax levy is made . . ." refers to actual expenditures the municipal or school governmental unit has made or is committed to make during the calendar year in which the county board meets to establish a levy, or whether it refers to proposed expenditures from local tax levy or other funds for the forthcoming year.
In my opinion it refers to amounts which have been raised by local tax levy or otherwise and which have been appropriated and expended by the municipality or school district as and for its "library fund" for the calendar year in which the county board meets to establish a levy. This office has stated* that a town, city or village which does not maintain a public library, as a municipality or jointly with another municipality under contract, but which makes contributions to a nearby public library, cannot be exempted from the county library tax levy under section 43.64 (2). The opinion noted that the words "library fund" were not defined in the statutes and construed them to mean:
 A "library fund" therefore consists of the proceeds of a tax levied and moneys appropriated by a municipality to be used exclusively to maintain "the public library" established, equipped and maintained by the municipality. Expenditures therefrom can only be made by a library board. If a city, town or village does not have a library within its boundaries or is not obligated under contract with one or more other municipalities to operate a *Page 51 
library located outside its boundaries, there is no need for the special library fund.
Section 43.64 (2) uses the word "expends." There is substantial difference between the word "expends" and the word "appropriate."Black's Law Dictionary 131 (Rev. 4th ed. 1968) succinctly states the difference between these two terms in its definition of "appropriation":
 An "expenditure" is the expending, a laying out of money, disbursement, and is not the same as an "appropriation," the setting apart or assignment to a particular person or use. Grout v. Gates, 97 Vt. 434, 124 A. 76, 80; Suppiger v. Eniking, 60 Idaho 292, 91 P.2d 362, 364, 365.
The distinction is an important one since a municipality or school district could evade the intent of the statute by "appropriating" a sum sufficient with very high cap to fund library activities in a given year, yet expend only a very small amount in a given year.
Section 43.64 (2) uses the word "year" which is to be construed as calendar year by reason of section 990.01 (49).
Support for my conclusion that measurement is based on expenditures during the current year rather than expenditures proposed for the ensuing year is found in the legislative history of the subsections involved.
Section 43.64 (2) was renumbered from section 43.52 (4), Stats. (1969), by chapter 152, Laws of 1971. Its somewhat unusual measuring element is related to the context of former section 43.25 (3), Stats. (1969), which was substantially amended and renumbered to section 43.64 (1) by chapter 152, Laws of 1971. Section 43.25 (3), Stats. (1969), provided:
 The county board of the county expending money for public library service to its inhabitants may provide in the following manner for the raising and collecting of the money necessary to reimburse the county for the amount so expended. The county clerk of any such county shall make a report to the county board at each annual November meeting, covering the year ending October first preceding, showing in detail the amount and proportion of the money expended by the county for such library service in each town, village, and city. The county board shall thereupon determine *Page 52 
the proportionate amount to be raised and paid by each such town, village, and city to reimburse the county for the money so advanced, and thereupon within 10 days after such determination the county clerk shall certify to the clerk of and charge to each town, village, and city the amount so advanced. Each such town, city, and village shall levy a tax sufficient to reimburse the county for such advances which shall be collected as other taxes and paid into the county treasury.
The statutes required the county clerk to ascertain the amounts the county had expended to furnish library service in each respective town, village and city during the period from October 1 of the year preceding the November county board meeting to October 31 of the year in which such annual meeting was held. The county board would then determine the proportionate amount each such unit of government would have to raise by its own tax levy to reimburse the county for "advances" made. The levy by the town, village or city would take place during the year the services were furnished and to be exempt under section 43.52 (4), Stats. (1969), such municipality would have to establish that it "expends for a library fund during the year for which the tax levy is made a sum at least equal to the sum which it would have to pay toward the county tax levy." I construe the "county levy" as used in such section as the amounts determined by the county board and certified by the county clerk as a "charge to each town, village, and city" or which otherwise would have been certified had the respective town, village or city not qualified for the exemption after written application pursuant to then section 43.52 (4). By reason of then section 43.25 (3), Stats. (1969), "during the year" referred to the period from the preceding October 1 to the October 31 preceding the annual November meeting of the county board.
The exemption was based on performance of both the county and each respective town, village or city during a past period and not on planned performance in the form of a library fund for an ensuing year. However, I conclude that by reason of the statutory revision, measurement of the exemption is on the basis of the performance of the respective town, village or city during the calendar year in which the county budget is adopted and county tax levy made as against the county's proposed expenditures for the ensuing calendar year. Section 43.64 (1) was amended by chapter 152, Laws of 1971, to eliminate *Page 53 
the necessity of the county clerk to report how much money was expended to provide library service in each town, village and city, to eliminate the charge back provisions and to authorize counties to levy a county tax to provide funds for such service. Section 43.64 (2) as amended by the same law retains the phrase "expends for a library fund during the year for which the tax levy is made a sum at least equal to the sum which it would have to pay toward the county tax levy." I am aware that the exemption to the municipal unit may be of greater or lesser value if measured against the county's proposed expenditures for library service in the oncoming year than if measured against the county's actual or committed expenditures for the current year. However, it is unlikely that property within a municipal unit of government can be retroactively exempted from a levy made in a prior year after taxes have been collected. The county's expenditures during the current year were financed by a levy made in the preceding year.
Section 43.64 (2) uses the word "expends," which is the present tense, but which can be construed to include has expended, is expending or will be expending. By reason of section 990.001 (3), "[t]he present tense of a verb includes the future when applicable." McLeod v. State, 85 Wis.2d 787, 271 N.W.2d 157
(1978). The language in subsection (2) continues: "during theyear for which the tax levy is made . . . it would have to pay
toward the county tax levy."
Under section 70.62 (1) the county board normally meets in November to "determine by resolution the amount of taxes to be levied in their county for the year." Your board met in November 1982, to establish the levy to be made for 1982 to raise the moneys to fund the budget for 1983. In my opinion the tax levy which was made in 1982, is for 1982. Under section 43.64 (2), the measurement is as between the amount the municipal unit or school district has budgeted, appropriated, expended and is committed to expend for its "library fund in 1982, as against "the sum which it would have [had] to pay toward the county tax levy" for 1982, had it not made application for and qualified for the exemption. The amount the municipality "would have [had]" to pay toward the 1982 tax levy would be based on an equalized tax basis, a proportionate share against the total amount budgeted for county library service, since the amount of the county levy is no longer based on the "amount and proportion of the money expended by the county for such *Page 54 
library service in each town, village, and city" as was the case under section 43.25 (3), Stats. (1969).
It is evident from this dissertation that section 43.64 (2) needs legislative attention.
BCL:RJV
* 65 Op. Att'y Gen. 182, 184 (1976).