EUGENE R. DUMAS, Corporation Counsel Sauk County
You request my opinion with respect to a number of questions which relate to section 43.64(1) and (2), Stats., which as amended by section 932 of 1983 Wisconsin Act 27, provides:
 (1) The county board of a county expending money for public library service to its inhabitants may levy a tax to provide funds for such service and shall include any amount of tax under this subsection in the amount of taxes determined to be levied under s. 70.62(1)
 (2) Any city, town, village or school district in a county levying a tax for a county library under sub. (1) shall, upon written application to the county board of the county, be exempted from the tax levy, if the city, town, village or school district making the application expends for a library fund during the year for which the tax levy is made a sum at least equal to the sum which it would have to pay toward the county tax levy. For the purposes of this subsection, "library fund" means the funds raised by the city, town, village or school district by tax levy or appropriation under S. 43.52(1) . . . .
Although these sections were extensively treated in 65 Op. Att'y Gen. 182 (1976) and 72 Op. Att'y Gen. 49 (1983), you are concerned with the scope of the exemption and what county taxes and supported expenditures are to be included in measuring as against municipal expenditures for a library fund. Your ultimate question is whether the interpretation of these sections made by the Department *Page 191 
of Public Instruction is correct. I am of the opinion that it is in substantial part.
A memorandum you include from the Department of Public Instruction dated July 19, 1982, indicates that counties treat taxation for county library services in a number of ways:
 1. The county includes all costs for library services within its general budget and the general county levy under sec. 70.62, Stats., et seq. No separate tax for library purposes is levied by the county.
 2. The county includes all monies to be raised by taxation for library purposes within a separate county levy denominated "county library tax" or similar phrase.
 3. The county combines both methods above. Certain types of library services are funded from a separate county library levy and other library services are funded from appropriations from the general levy.
The department has concluded that "[t]he scope of the exemption hinges upon the scope of the county tax authorized by sec.43.64(1), Stats . . . ." and that
 [b]y its express terms, this statute requires all money to be raised by taxation for county financed library services to be fixed at the time of setting the general levy under sec. 70.62(1), Stats. Since this provision relates to all library services funded by county level taxation and this is the tax from which exemption can be claimed under sec. 43.64(2), Stats., it necessarily follows that the exemption for eligible municipalities applies to any and all taxes levied by the county for library services. Thus, full exemption remains available regardless of which of the three methods outlined above is utilized by the county to raise funds for library services.
You state Sauk County raises funds by taxation to finance expenditures for library services but has included such tax in the general levy without a separate tax for library service. The budget includes items for the Sauk County Library Board, the South Central Library System, services purchased through the Baraboo *Page 192 
Municipal Library and contributions to other municipal libraries for serving non-municipal residents.
You inquire: Is a municipality entitled to an exemption under section 43.64(2) where the county has not acted to levy a tax specifically designated as a county library tax but does finance "money expended for public library services to its inhabitants" by a general tax levy?
In my opinion the answer is yes. Subsection (1) of 43.64 uses the words may and shall in the same section. The statute recognizes that not all money a county expends for public library services need be raised by tax levy. Many expenditures may be financed by receipts from gifts, donations, income from endowments, fines and service charges. However, subsection (1) expressly provides that where a county exercises its discretion to "levy a tax to provide funds for such service . . ." the county board "shall include any amount of tax under this subsection in the amount of taxes determined to be levied under s. 70.62(1)." Neither section 43.64(1) nor 70.62(1) specifically require that the amount of the tax for library purposes, or items financed thereby, be listed separately. However, separate listing is beneficial as an aid to consideration of any claimed municipal exemption and is almost a matter of necessity. The exemption in section 43.64(2) is measured by the amount a municipality "expends for a library fund during the year for which the tax levy is made . . ." as against the amount of "the sum [its proportional share of the tax to be raised] which it would have to pay toward the county tax levy" if it were not exempt. Where there is no separate listing of the expenditures financed by taxes, such figures must be ascertained and totaled to compute the municipality's proportional share of the taxes to be raised so that the exemption can be determined. Where exemption is claimed and there is entitlement, the "rate" of the tax for county library services may have to be adjusted. The statute does not permit, nor could the Legislature have intended, that a municipality which expends substantial amounts for its own library fund could lose its right to any exemption where the county board did raise substantial amounts for county library service purposes by tax levy through inclusion in its general budget and general tax levy rather than by means of designating the amount to be levied as a county library tax. If a county does not levy any tax to provide funds for public library service, municipalities would not be able to qualify for *Page 193 
an exemption from a county tax levy under subsection (1) since there would be no tax levy for public library services.
You also inquire whether the scope of the section 43.64(2) exemption encompasses taxes financing only expenditures "for a county library" which is the term used in subsection (2), or whether it extends to all taxes which finance expenditures for "public library service," which is the term used in subsection (1).
It is my opinion that the exemption is measured on taxes which finance expenditures for providing "public library service to its inhabitants," which would include expenditures for a county library should the county choose to operate one pursuant to section 43.52(1). The words "any municipality" as used in that section include a county. Sec. 43.001(4), Stats. My conclusion is based on the legislative history of section 43.64(1) and (2).
Sections 43.52(1) and (2) and 43.64(1) and (2) were renumbered from section 43.25(1), (2), (3) and (4) and amended by chapter 152, Laws of 1971. Former section 43.25(1) authorized cities, villages, towns and counties to establish, maintain and equip a "public library or reading room" and to "annually levy a tax or appropriate money to provide a library fund, to be used exclusively to maintain such library . . . ." Note that the words "public library or reading room" were used and there was no specific use of the term "county library." Former subsection (2) was concerned with free use of such library or reading rooms to the inhabitants of the municipality. Former subsection (3) provided that the county board of the county expending money for "public library service" could provide for recovering from each town, village or city for monies expended by the county for such library service in each town, village and city. Former subsection (4) provided that any city, town or village in any county "levying a tax for a county library under sub. (1) shall upon written application . . . be exempted from [such] tax levy, [provided] the city, town or village making such application expends for a library fund during the year for which such tax levy is made a sum at least equal to the sum it would have to pay toward such county levy." The Legislative Counsel note to the change included:
 (2) S. 43.64 is altered to eliminate a special statement on taxing procedure for library service, and to provide that the amounts to be levied for such services will be treated as part of the regular *Page 194 
county levy. As revised, it is the section which will be used, in most cases, for tax-levying purposes by counties participating in public library systems.
The note is not enlightening as to whether the exemption in section 43.64(2) extends to all taxes to pay for providing "public library service" or is limited only to that portion of taxes raised to finance a county library. Neither "county library" nor "public library service" are defined in chapter 43 and few counties have established and operate a county library governed by its own board pursuant to sections 43.52-43.56. However, the reference in former 43.25(4) was to a "county levying a tax for a county library under sub. (1)," which at that time referred to power of a county to establish a public library and levy a tax therefor. When subsection (4) was renumbered to 43.64(2), it continued to refer to a "county levying a tax for a county library under sub. (1)." However subsection (1) of section43.64 was renumbered from 43.25(3) which authorized a "county expending money for public library service" to its inhabitants to levy and collect a tax for such advances. Present 43.64(1) also refers to "expending money for public library service." I therefore conclude that the Legislature intended to exempt a municipality, otherwise qualified, from a county tax levy to provide public library service to its inhabitants and not only to that portion of tax which finances a "public [county] library" organized pursuant to section 43.52(1).
The conclusion reached herein is consistent with that reached in 72 Op. Att'y Gen. 49 (1983). I conclude with the same last sentence: "It is evident from this dissertation that section43.64(2) needs legislative attention."
BCL:RJV