TERENCE M. DUNLEAVY, Executive Director Wisconsin Racing Board
In creating 1987 Wisconsin Act 354, the Legislature did not define "residency" for purposes of owning and operating a racetrack. As a result, the Wisconsin Racing Board (hereafter "Board") used its emergency rulemaking authority to create a definition. Because of controversy over whether the Board's definition is consistent with legislative intent, the Board has asked whether Wisconsin Administrative Code section RACE 1.01(9) (1990) is consistent with the statute. For the reasons which follow, I conclude that the rule promulgated by the Board is consistent with the legislative intent in enacting 1987 Wisconsin Act 354.
1987 Wisconsin Act 354, section 562.05(3w), Stats., provides:
 the board may issue a license . . . if the board determines that . . .
 (a) At least 51% of the ownership interest in the racetrack is held by residents of this state.
The Board promulgated Wisconsin Administrative Code section RACE 1.01(9) which provides:
 "Resident of this state" means for purposes of s. 562.05(3W) (a), Stats.: *Page 125 
 (a) Any person who is and has been domiciled in this state for at least 1 year immediately prior to the filing of an application for a license under s. 562.05
(1)(a), Stats.
 (b) Any corporation, partnership, association or other entity which is incorporated or otherwise formed in this state, has its principal place of business in this state, and is and has been actively doing business in this state for at least 1 year immediately prior to the filing of any application for a license under s. 562.05 (1)(a), Stats.
The controversy focuses on Wisconsin Administrative Code section RACE 1.01(9)(b). Some contend that, contrary to the Board's rule, fifty-one percent of the shareholders, partners or members of the organizations to which Wisconsin Administrative Code section RACE 1.01(9)(b) refers must be Wisconsin residents.
The primary source for construction of a statute is the language of the statute itself. State v. Burkman, 96 Wis.2d 630,638, 292 N.W.2d 641 (1980). If the statutory language is unambiguous, one arrives at the intention of the Legislature by giving language its ordinary and accepted meaning. Vigil v.State, 76 Wis.2d 133, 142, 250 N.W.2d 378 (1977). Only where a statute is not clear on its face as to its meaning or application does one look to the legislative intent in construing a statute.McLeod v. State, 85 Wis.2d 787, 792, 271 N.W.2d 157 (Ct.App. 1978).
A statute is ambiguous if two or more reasonably well-informed persons could understand the language in different senses. Allenv. Juneau County, 98 Wis.2d 103, 295 N.W.2d 218 (Ct.App. 1980). I believe that reasonably well-informed persons can differ over whether, for non-natural persons, the entity or its members or shareholders must be fifty-one percent Wisconsin residents.
The ultimate purpose of statutory construction is to give effect to the legislative intent. Madison v. Southern Wis. R.Co., 156 Wis. 352, 360, 146 N.W. 492 (1914). Since there is no *Page 126 
single document evidencing the legislative intent of the language of the statute, legislative intent must be construed from changes and modifications made during the legislative process in relation to the subject matter and intended purpose of the statute.Pittman v. Lieffring, 59 Wis.2d 52, 62, 207 N.W.2d 610 (1973). I, therefore, employ an analysis of such information to determine the intended definition of residency for the purposes of section562.05(3w)(a).
LEGISLATIVE HISTORY OF 1987 WISCONSIN ACT 354
1987 Wisconsin Act 354 began as Senate Bill 444. In its original draft, SB 444 used the language, "At least 51% of the beneficial ownership interest in the racetrack is held by residents of this state." Sub. 1, SB 444 at 20, lines 5-6 (engrossed 1987 SB 444, March 3, 1988). "Beneficial ownership" applies to those who enjoy ownership and receive profits but do not have legal title. Therefore, with the language "beneficial ownership" in the statute, the fifty-one percent Wisconsin resident requirement would have applied to the residence of the individual shareholders of the corporation rather than the residence of the corporation itself.
With Assembly Amendment Number 2, the language was changed to "51% of the ownership interest," deleting the word "beneficial." Legislators are aware of the significance of each word in a statute "the studied omission of a word or words in the [amendment] of a statute indicates an intent to alter its meaning." Pittman, 59 Wis.2d at 64. The fact that the word "beneficial" was removed could therefore only mean that the Legislature decided that the residence of individual shareholders need not be included in defining the residence of a corporation. To say that such an important change in the language had no effect on the meaning of the statute would be injudicious. "[W]e cannot read into statutory language that which is not there to reach a desirable result." Dept. of Natural Resources v.Clintonville, 53 Wis.2d 1, 8, 191 N.W.2d 866 (1971). *Page 127 
Moreover, emergency rule Wisconsin Administrative Code section RACE 1.01(9) has gone through an extensive review process by the Legislature. On March 23, 1989, the Board submitted Wisconsin Administrative Code section RACE 1.01(9) to the Legislative Council for review. From there it was referred to the Senate Committee on Labor, Business, Insurance, Veterans' and Military Affairs. No action was taken by the committee, thereby effecting a silent approval. The rule was also referred to the Assembly Committee on State Affairs, where an objection was raised. As a result of the objection, the rule was then referred to the Joint Committee for Review of Administrative Rules. After holding a public hearing and an executive session, the Joint Committee for Review of Administrative Rules nonconcurred with the Assembly's objection and approved the Board's definition of residency. Wisconsin Administrative Code section RACE 1.01(9) became effective June 1, 1990.
Further support for this interpretation is found in Senate Bill 23 of the 1989-90 session. Senate Bill 23 was proposed in an effort to create a definition of residency of corporations for purposes of owning racetracks in Wisconsin. It stated that when dealing with a corporate owner, the Board must look at the residency of the individual shareholders. This bill died in the 1989-90 session and was never reintroduced. If SB 23 truly reflected the legislative intent of 1987 Wisconsin Act 354 and section 562.05(3w)(a), then Senate Bill 23 would likely have become law.
The Legislature intended that the creation of racetracks benefit the State of Wisconsin to the greatest extent possible. The Board's interpretation of residency is not in conflict with such intent. The Board rule states that to be a resident a corporation must: (1) be incorporated in Wisconsin; (2) have its principal place of business in Wisconsin; and (3) have been actively doing business in the state for at least one year. *Page 128 
It is my opinion that the Board's rule, Wisconsin Administrative Code section RACE 1.01(9), is consistent with the legislative intent of 1987 Wisconsin Act 354 and section 562.05
(3w)(a). A Wisconsin corporation that meets the Board's qualifications as a Wisconsin resident therefore should be allowed to participate in the licensing process. Because section562.05(3w)(a) and Wisconsin Administrative Code section RACE 1.01(9) do not require fifty-one percent ownership by Wisconsin individuals when corporations are involved, there is no need to address the constitutionality of the statute.
You have also asked whether that portion of the statute which requires eighty-five percent of the employes at the track to be Wisconsin residents is constitutional under various provisions of the United States Constitution. As you know, I have a statutory obligation to defend the constitutionality of the Wisconsin statutes. I therefore decline to opine on the constitutionality of that portion of the statute. I prefer to defend the statute in the context of a concrete fact situation.
JED:WDW *Page 129